ELISHA ATKINS *vs.* JOHN ALBREE & another.

If new shares are created in the capital stock of a corporation, and the right to subscribe for such new shares at par is given to the existing stockholders *pro rata*, and is valuable, and certain shares are held in trust, to pay the income thereof to A. during life, with remainder to B., the amount received on the sale of the right to take the proportionate number of new shares is to be held in trust as capital, the interest or income whereof shall be paid to A. during life, with remainder to B.

BILL IN EQUITY by a trustee under a will, to obtain the instructions of the court as to his duty. The following facts appeared from the bill and answers:

John Albree, late of Lynn, deceased, left a will containing the following bequest: " *Fourthly*, I give to Elisha Atkins, of said Boston, merchant, and to John Albree 2d hereinbefore named, in trust, twenty shares in the Boston Gas Light Company, the income thereof to be paid over by said trustees, from time to time, as the same shall accrue or be received by them, to my said wife during her life, or so long as she shall remain my vidow and unmarried. At her decease or marriage, I give the aid shares to my said nephew, John Albree 2d." The trustees accepted the trust and received the dividends from time to time as the same were declared. In 1864 the Gas Light Company

voted to increase the capital stock by the addition thereto **of** $250,000; and to add five hundred new shares, of the value of five hundred dollars each, which sum was accordingly assessed thereon, payable at certain times, and the stockholders were allowed to subscribe for them in the proportion of one new share for each four of the old shares held by them respectively, and the directors were authorized to dispose of all new shares not taken by a certain date, paying over the premium realized therefor to the parties entitled to the right of subscribing for them. Mr. Atkins accordingly subscribed for five new shares, on behalf of the trustees; but the trustees had no uninvested funds, and Mr. Albree claimed the right to take the new shares, or the premium received for them, to his own use; and the right of subscribing to the said five shares was accordingly sold by the directors for the sum of $1373.95, over all expenses, which sum the treasurer of the company held, subject to the order of the trustees. Mrs. Albree and John Albree each claimed to be entitled to said sum, and this bill was accordingly brought by Mr. Atkins, that their rights might be determined.

*L. Shaw*, for Mrs. Albree. In no event should this money be paid over to Mr. Albree. If it is not payable to Mrs. Albree as income, it should be retained by the trustees as principal, and the income of it paid to her. But the whole should be treated as income. It represents no part of the principal of the trust fund. The twenty shares are all that the testator gave to the remainder-man. The par value of the original shares is not changed by the issue of new shares at par. There is nothing like a diminution of the capital of the company, or a substitution of anything for any part of the capital. The money in dispute does not result from the sale of any property of the company. It is a payment to be made by the company directly to the stockholder.

*E. Avery & R. D. Smith*, for John Albree, cited *Reed* v. *Head*, 6 Allen, 174, and cases there cited; *Balch* v. *Hallet*, 10 Gray, 402; *Harvard College* v. *Amory*, 9 Pick. 447; *Gray* v. *Portland Bank*, 3 Mass. 364; *Hartley* v. *Allen*, 4 Jur. (N. S.) 500; *Hooper* v. *Rossiter*, 13 Price, 774; *Witts* v. *Steere*, 13 Ves. 363; *Plumber*

v. *Nield*, 2 Law Times, (N. S.) 417; *Scholefield* v. *Redfern*, 8 Law Times, (N. S.) 487.

BIGELOW, C. J. It seems to us that the proceeds of the sale of the right to take new shares in the corporation are to be regarded as an extraordinary bonus or addition to the stock which was devised in trust for the benefit of the widow of the testator for her life or widowhood, with remainder over to his nephew; and that this increment must be treated as capital and added to the principal fund, the income of which is to be paid to the widow as directed by the will. The right or privilege to take new shares in a corporation upon an increase of the capital stock within the limits fixed by the charter is a benefit or interest which attaches to stock, not as profit or income derived from the prosecution of the corporate business, but as inherent in the shares in their very creation. *Gray* v. *Portland Bank*, 3 Mass. 364. It is true that the value of this right must always depend essentially on the success with which the operations of the corporation have been conducted, and on the prospect of future income and profits which the condition of the business of a corporation holds out to its stockholders. But this does not change the nature of the right or interest. It is still an original incident or attribute appertaining to each share; a right to a larger participation or ownership in the capacity of the corporation to earn profits; and not the gain or income itself, actually earned by the corporation. In this view, the value of the right must be regarded as a part of the *corpus* of the property devised in trust. The bequest of the testator is of the income only of the shares during the life or widowhood of his wife. These shares are to be held in trust until her death or marriage, and, on the happening of either of these events, the shares are to vest absolutely in the nephew. The intent is clear that his wife shall receive only the gains or profits on the shares as they shall " accrue or be received by the trustees." This gives her no property in the shares, or in money derived from the sale of an interest which formed a part of the original right appertaining to the shares, but only to receive the entire income to be derived therefrom, whether it continues to be represented by the number of shares

held by the testator at his decease, or a portion of it becomes converted into money by the sale of the right to take new shares in the capital stock of the corporation. Nor, on the other hand, did it give to the nephew a right to demand and receive any part of the body of the property, or of any right or interest which appertained to the original shares in their creation, merely because a portion of such right or interest had ceased to exist as shares, and had been changed into money. The original shares and the money received from the sale of rights to take new shares in the capital stock of the corporation constitute the body of the trust property, which is to be treated as the capital or principal fund, the income of which is to be paid to the widow as directed by the will, and the whole is to go to the nephew on the happening of either of the events therein designated. Hill on Trustees, 386, 446. *Paris* v. *Paris*, 10 Ves. 185. *Witts* v. *Steere*, 13 Ves. 363. *Decree accordingly.*